*E-filed 4/26/13*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER JAMES CASTILLO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ELMSWOOD CORRECTIONAL<br>FACILITY, et al.,<br><br>　　　　Defendants. | No. C 12-6511 RS (PR)<br><br>**ORDER DISMISSING COMPLAINT<br>WITH LEAVE TO AMEND** |

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

## DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica*

*Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:   (1) that a right secured by the Constitution or laws of the United States was violated, and   (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges in a conclusory fashion that defendant Arnt, a correctional officer at the Santa Clara County Main Jail, repeatedly raped him in 2005 and 2006, in violation of the Eighth Amendment. This is not sufficient to state a claim under § 1983. Accordingly, the complaint is DISMISSED with leave to amend. In his amended complaint, plaintiff must provide more details regarding the actual events, such as times, dates, places, and the specific actions Arnt took.

Plaintiff's other claims, which contain allegations regarding the poor quality of food, the coldness of the cells, and the violent actions of other correctional officers, are DISMISSED without prejudice because they involve different claims against different defendants. If plaintiff wishes to pursue these claims, he must file a separate civil rights action. Accordingly, Elmswood Correctional Facility, and Correctional Officers Kenedy, Shonda Santos, Ledezma, and Duarte are TERMINATED as defendants.

**Plaintiff shall file an amended complaint on or before June 1, 2013.** The amended complaint must address all the deficiencies listed above, and include the caption and civil case number used in this order (12-6511 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may *not* incorporate material from the prior complaint by reference.  Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED: April 26, 2013

_____
RICHARD SEEBORG
United States District Judge